IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| STATE OF OHIO *ex rel.* DAVE YOST Ohio Attorney General,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED WHOLESALE MORTGAGE, LLC,<br><br>　　　　Defendant. | Case No. 3:25-cv-00160-TMR-CHG<br><br>Hon. Thomas M. Rose,<br>United States District Judge<br><br>Hon. Caroline H. Gentry,<br>Magistrate Judge |

**DEFENDANT UNITED WHOLESALE MORTGAGE, LLC'S
MOTION FOR LEAVE TO FILE A SURREPLY**

　　　Pursuant to S.D. Ohio Civ. R. 7.2(a)(2), Defendant United Wholesale Mortgage, LLC ("UWM") respectfully requests leave to file a short Surreply brief in response to two new arguments raised for the first time in the Reply Memorandum of Law in Further Support of Plaintiff State of Ohio's Motion to Remand (ECF No. 23) ("Reply").  The Attorney General ("AG") did not raise these Reply arguments in his opening brief seeking remand (ECF No. 17-1).  Nor do the AG's new arguments accurately describe the newly submitted evidence or legal standards. Accordingly, good cause exists for UWM's proposed Surreply.

　　　In support of this Motion for Leave, UWM submits a brief memorandum of law and attaches its proposed four-page Surreply as Exhibit A.  For the reasons set forth in that memorandum, UWM respectfully asks for leave to file the Surreply attached as Exhibit A.

Dated: August 25, 2025

Rebekah B. Kcehowski
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
rbkcehowski@jonesday.com

Respectfully submitted,

*/s/ Jeffrey J. Jones*
Jeffrey J. Jones* (Bar No. 30059)
　*Trial Attorney*
Michael R. Gladman (Bar No. 59797)
Brandy Hutton Ranjan (Bar No. 86984)
JONES DAY
325 John H McConnell Blvd #600
Columbus, OH 43215
(614) 469-3939
jjjones@jonesday.com
mrgladman@jonesday.com
branjan@jonesday.com

Stephen J. Cowen
Amanda K. Rice
Andrew J. Clopton
JONES DAY
150 W. Jefferson Ave, Suite 2100
Detroit, MI 48226
(313) 733-3939
scowen@jonesday.com
arice@jonesday.com
aclopton@jonesday.com

*Counsel for United Wholesale Mortgage, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| STATE OF OHIO *ex rel.* DAVE YOST Ohio Attorney General,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED WHOLESALE MORTGAGE, LLC,<br><br>        Defendant. | Case No. 3:25-cv-00160-TMR-CHG<br><br>Hon. Thomas M. Rose,<br>United States District Judge<br><br>Hon. Caroline H. Gentry,<br>Magistrate Judge |

**DEFENDANT UNITED WHOLESALE MORTGAGE, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SURREPLY**

Pursuant to S.D. Ohio Civ. R. 7.2(a)(2), Defendant United Wholesale Mortgage, LLC ("UWM") requests leave to file a short Surreply in response to the Reply Memorandum of Law in Further Support of Plaintiff State of Ohio's Motion to Remand (ECF No. 23) ("Reply") because the Attorney General ("AG") raises two new arguments—one evidentiary and one legal—for the first time in that Reply. These new arguments constitute good cause for the leave requested.

**I.    Factual Background**

On May 15, 2025, UWM filed a Notice of Removal setting forth the grounds for federal jurisdiction—including that Ohio citizens are the real parties in interest in this action, not the State of Ohio, so Ohio is not appropriately considered for diversity jurisdiction purposes. *See* Notice of Removal (ECF No. 1) at ¶¶ 18-41. The AG filed his Motion for Remand on July 7 (ECF No. 17), arguing *inter alia* that the State of Ohio is the real party in interest, not Ohio citizens. The AG did not file any evidence in support of Ohio's interest with his Remand Motion. At some point thereafter, the AG posted his contingency fee agreement with Boies Schiller Flexner, LLP ("Boies") in this case to the AG's website. *See* S. Cowen Decl. (ECF No. 22-1) ¶¶ 4-9 (explaining delayed

posting to AG website). UWM cited that agreement at its very first opportunity—in UWM's July 28 Opposition to the Motion to Remand. UWM did so because that agreement defines the sole "Client" in this case as "Ohio's consumers and citizens," evidencing their status as the real parties in interest here. *See* Opp. (ECF No. 22) at 2. The AG then, in his Reply, submitted new evidence and new argument regarding lawyer engagement agreements he has entered into in other, unrelated matters. *See* Reply (ECF No. 23 at 7 n.5). The AG's Reply inaccurately equates the Boies agreement with two other cited agreements—one for the 3M PFAS litigation and one for the DuPont litigation. *See id*.

The AG also submits a second new argument in his Reply; this one a new legal argument. Despite being on notice of UWM's argument that "civil penalties are not available" to the AG in this matter, *see* Notice of Removal (ECF No. 1) at ¶¶ 19, 35, at no point in his Motion to Remand or supporting materials did the AG argue that the availability of remedies is a merits issue that cannot be considered on a remand motion. Instead, the AG affirmatively argued that he has a right to pursue these remedies. *See* Mem. in Support of Mot. to Remand (ECF No. 17-1) at 7-8, 10. UWM, accordingly, noted in its Opposition that "[t]he AG rightly does not dispute the propriety of resolving the underlying merits as 'necessary to decide' jurisdiction where those issues are 'intertwined.'" *See* Opp. (ECF No. 22) at 6 n.3. For the very first time on Reply, however, the AG argued that UWM's position on civil penalties "improperly asks the Court to resolve a merits question" on a jurisdictional motion, citing two inapposite cases. *See* Reply (ECF No. 23) at 7.

II.     **Legal Standard**

Under this Court's Local Rules, surreply briefs are permitted "upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2(a)(2). Good cause exists "where the reply brief raises new grounds that were not included in [the] movant's initial motion" or "where a party seeks to 'clarify misstatements' contained in the reply." *Canter v. Alkermes Blue Care Elect Plan*, 593 F. Supp. 3d

2

737, 744-45 (S.D. Ohio 2022) (granting leave to file surreply; quoting *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 835-36 (S.D. Ohio 2019)). In such circumstances, a surreply is appropriate "to allow a party to address new arguments," *Myers v. Montgomery Cnty. Bd.*, 2019 WL 2373766, at *3 (S.D. Ohio June 5, 2019) (Rose, J.) (citation omitted)—otherwise, a nonmovant's "ability to respond" is "vitiated," *cf. Seay v. TVA*, 339 F.3d 454, 481 (6th Cir. 2003); *see also McGowan v. United States*, 694 F. Supp. 3d 992, 1004 (N.D. Ohio 2023) ("Because Plaintiffs impermissibly raised three new issues, Defendant properly moved to file a sur-reply.").

**III.    Argument**

The AG's Reply seeking remand raises arguments and cites to materials that were not included in the AG's opening remand briefing. *See* Reply (ECF No. 23) at 7 & n.5. There is thus good cause for UWM's proposed four-page Surreply, which addresses only that new content.

First, the AG's Reply cites new evidence—two contingency fee agreements that the AG attempts to equate to the Boies contingency fee agreement in this case. *Id*. More specifically, the AG calls "absurd" UWM's contention that the Boies contingency agreement is relevant to the real-party-in-interest analysis because that agreement explicitly defines the "Client" as "Ohio's consumers and citizens." *Id*. at 6-7. The AG then invokes two *other* AG contingency agreements—involving 3M and DuPont and unrelated to this case—to argue that "many other retention agreements between the Ohio Attorney General and outside counsel similarly define the 'Client' to include 'the citizens of the State of Ohio,'" and that if such definitions controlled who is the real party in interest, "every one of those cases would become removable." *Id*. But the AG does not accurately describe the 3M PFAS or DuPont Litigation agreements. As explained in the attached proposed Surreply, those agreements do *not* define the "Client" solely as "Ohio's consumers and citizens," as the Boies agreement does here. To the contrary, the contrast between the contingency agreements in those cases and this case supports jurisdiction. UWM should be

granted leave to file a Surreply to address this argument and the newly cited 3M PFAS and DuPont Litigation agreements because UWM has not had an opportunity to respond to this new evidence and because, as UWM's proposed Surreply explains, the AG mischaracterizes how the "Client" is defined in those agreements compared to the contingency fee agreement in this case. *See Guyton v. Exact Software N. Am.*, 2015 WL 9268447, at *4 (S.D. Ohio Dec. 21, 2015) (granting leave where defendant "seeks to … 'clarify the misstatements'"); *Geiger v. Pfizer, Inc.*, 271 F.R.D. 577, 580–81 (S.D. Ohio 2010) (granting leave where "Plaintiff raised [a study] . . . for the first time in her Reply").

Second, in his Reply, the AG argues—for the first time—that merits issues cannot be addressed on a remand or jurisdictional motion. *See* Reply (ECF No. 23) at 7. But as UWM's proposed Surreply indicates, when merits issues are intertwined with jurisdictional issues, district courts may address merits issues in considering jurisdiction. *See, e.g.*, *Brownback v. King*, 592 U.S. 209, 218-19 (2021). The cases that the AG cites in his Reply are inapposite. UWM should be granted leave to file a Surreply to address this new argument as well. *See Burlington Ins. Co. v. PMI Am., Inc.*, 862 F. Supp. 2d 719, 725-26 (S.D. Ohio 2012) (granting leave where plaintiff made "new arguments in its reply brief"); *Eldridge v. Cardif Life Ins. Co.*, 266 F.R.D. 173, 175 (N.D. Ohio 2010) (granting leave where plaintiff's reply raised new arguments and proposed surreply addressed "only those new arguments"); *Levy v. Cain, Watters & Assocs., P.L.L.C.*, 2010 WL 271300, at *2 (S.D. Ohio Jan. 15, 2010) (granting leave because court agreed new "arguments were raised for the first time in Defendant's reply").

## IV. Conclusion

Accordingly, for the reasons set out above, good cause exists for granting leave to file the attached Surreply, which is targeted at the new arguments and evidence raised in the AG's Reply.

| | |
|---|---|
| Dated: August 25, 2025 | Respectfully submitted, |
| | |
| | /s/ *Jeffrey J. Jones* |
| Rebekah B. Kcehowski | Jeffrey J. Jones* (Bar No. 30059) |
| JONES DAY |     **Trial Attorney* |
| 500 Grant Street, Suite 4500 | Michael R. Gladman (Bar No. 59797) |
| Pittsburgh, PA 15219 | Brandy Hutton Ranjan (Bar No. 86984) |
| (412) 391-3939 | JONES DAY |
| rbkcehowski@jonesday.com | 325 John H McConnell Blvd #600 |
| | Columbus, OH 43215 |
| | (614) 469-3939 |
| | jjjones@jonesday.com |
| | mrgladman@jonesday.com |
| | branjan@jonesday.com |
| | |
| | Stephen J. Cowen |
| | Amanda K. Rice |
| | Andrew J. Clopton |
| | JONES DAY |
| | 150 W. Jefferson Ave, Suite 2100 |
| | Detroit, MI 48226 |
| | (313) 733-3939 |
| | scowen@jonesday.com |
| | arice@jonesday.com |
| | aclopton@jonesday.com |
| | |
| | *Counsel for United Wholesale Mortgage, LLC* |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2025, I caused the foregoing document to be filed with the Clerk of the Court using CM/ECF, which will effectuate service upon all counsel of record.

/s/ Jeffrey J. Jones
Jeffrey J. Jones
JONES DAY
325 John H McConnell Blvd #600
Columbus, OH 43215
(614) 469-3939
jjjones@jonesday.com

*Counsel for United Wholesale Mortgage, LLC*