# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| STATE OF OHIO *ex rel*. DAVE YOST Ohio Attorney General, | Case No. 3:25-cv-00160-TMR-CHG |
| *Plaintiff*, | Hon. Thomas M. Rose, United States District Judge |
| v. | |
| UNITED WHOLESALE MORTGAGE, LLC, | Hon. Caroline H. Gentry, Magistrate Judge |
| *Defendant*. | |

## DEFENDANT UNITED WHOLESALE MORTGAGE, LLC'S
## MOTION FOR STAY PENDING APPEAL

Pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure, Defendant United Wholesale Mortgage, LLC moves for an order to stay this Court's September 4, 2025 Order granting Plaintiff's Motion to Remand (Doc. 29) pending appeal to the Sixth Circuit. The reasons for this Motion are set forth in the attached Memorandum in Support.

Dated: September 8, 2025

Respectfully submitted,

*/s/ Rebekah B. Kcehowski*
Jeffrey J. Jones* (Bar No. 30059)
  **Trial Attorney*
Michael R. Gladman (Bar No. 59797)
Brandy Hutton Ranjan (Bar No. 86984)
JONES DAY
325 John H McConnell Blvd #600
Columbus, OH 43215
(614) 469-3939
jjjones@jonesday.com
mrgladman@jonesday.com
branjan@jonesday.com

Stephen J. Cowen
Amanda K. Rice
Andrew J. Clopton
JONES DAY
150 W. Jefferson Ave, Suite 2100
Detroit, MI 48226

(313) 733-3939
scowen@jonesday.com
arice@jonesday.com
aclopton@jonesday.com

Rebekah B. Kcehowski
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
rbkcehowski@jonesday.com

*Counsel for United Wholesale Mortgage, LLC*

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| STATE OF OHIO *ex rel.* DAVE YOST Ohio Attorney General,<br><br>    *Plaintiff*,<br><br>  v.<br><br>UNITED WHOLESALE MORTGAGE, LLC,<br><br>    *Defendant*. | Case No. 3:25-cv-00160-TMR-CHG<br><br>Hon. Thomas M. Rose,<br>United States District Judge<br><br>Hon. Caroline H. Gentry,<br>Magistrate Judge |

**MEMORANDUM IN SUPPORT OF DEFENDANT UNITED WHOLESALE MORTGAGE, LLC'S MOTION FOR STAY PENDING APPEAL**

Pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure, Defendant United Wholesale Mortgage, LLC ("UWM") respectfully seeks a stay of this Court's September 4, 2025 Order granting Plaintiff's Motion to Remand ("Remand Order") (Doc. 29) pending an opportunity to seek guidance from the Sixth Circuit on the important issues this case raises. The Court's Remand Order held that the Court did not have jurisdiction under the three grounds for removal raised by UWM—diversity jurisdiction, federal question jurisdiction, and under the Class Action Fairness Act ("CAFA"). *See* Notice of Removal (Doc. 1) at 1. UWM will timely file a petition to appeal the Remand Order with the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1453(c)(1), which authorizes interlocutory appeals from remand orders in cases removed pursuant to CAFA "if application is made to the court of appeals not more than 10 days after entry of the order." In the meantime, UWM respectfully requests the Court stay the Remand Order until the Sixth Circuit rules on UWM's application for interlocutory appeal and, if the Sixth Circuit accepts UWM's application, until the Sixth Circuit rules on the merits of UWM's appeal.

Federal courts retain jurisdiction for the limited purpose of staying proceedings during the pendency of an appeal. Courts should grant such a stay where, as here, the balance of equities

favors it. UWM respects the Court's ruling on the important questions before it, but submits that the arguments raised by this case present new and serious questions regarding the extent to which states can artificially invoke *parens patriae* to avoid federal jurisdiction under CAFA, as well as questions of first impression worthy of review by the Sixth Circuit Court of Appeals relating to the interaction of CAFA and Ohio Rev. Code § 1345.07. Further, if granted, the Sixth Circuit's decision on appeal will be made within 60 days. 28 U.S.C. § 1453(c)(2). This expedited review period ensures minimal delay to proceedings, thereby minimizing any harm to Plaintiff or to the public. The brief stay would also relieve the state court from wasting judicial resources in the event that the case ultimately proceeds in federal court. Accordingly, UWM requests a stay of the Remand Order until the Sixth Circuit can review this matter.

## ARGUMENT

**I.      This Court Has Jurisdiction to Grant the Motion to Stay**

CAFA marks an exception to the general rule that remand orders are generally "not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d); *see also* 28 U.S.C. § 1453(c)(1); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 85-86 (2014). In addition to authorizing interlocutory appeals from remand orders implicating CAFA questions, "the CAFA exception . . . provide[s] continuing jurisdiction to reopen a previously remanded case." *Badeen v. PAR, Inc.*, 2020 WL 2573178, at *1 (E.D. Mich. May 21, 2020). In effect, this exception to § 1447(d) means that district courts retain jurisdiction to stay remand orders pending interlocutory appeals under CAFA. *See, e.g., Id*. at *2 (granting defendant's motion to stay pending CAFA appeal following remand).

The reason is simple. As many district courts have recognized, "[t]o hold that a district court lacks the limited jurisdiction to stay its remand order in a CAFA case would render the statutory right to appeal a CAFA remand order hollow." *Dalton v. Walgreen Co.*, 2013 WL

2367837, *1 (E.D. Mo. May 29, 2013) (quoting *Raskas v. Johnson & Johnson*, 2013 WL 1818133, at *1 (E.D. Mo. Apr. 29, 2013)); *see also Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Renal Care Grp., Inc.*, 2005 WL 2237598, at *1 (M.D. Tenn. Sept. 12, 2005) ("If the case is actually remanded, and the state court proceeds to move it forward, the appellate right would be an empty one."); *Deutsche Bank Nat. Trust Co. v. Weickert*, 638 F. Supp. 2d 826, 831 (N.D. Ohio 2010) (staying all proceedings while jurisdictional issues concerning removal pursuant to CAFA were addressed on appeal); *In re Dr. Durrani Med. Malpractice Cases*, 2016 WL 8199122, at *3 (S.D. Ohio June 20, 2016) (denying a motion to lift the stay of proceedings pending appeal by the Sixth Circuit because "vacating the stay would . . . render discretionary review of remand orders under CAFA ineffective").

This Court therefore retains jurisdiction to stay the Remand Order to allow UWM the opportunity to exercise its statutory right to appeal to the Sixth Circuit.

## II. This Court Should Enter a Stay of the Remand Order Pending Appeal

In deciding whether to enter a stay pending appeal, district courts balance the following four factors: "[1] likelihood of success on the merits; [2] injury to the petitioners in the absence of a stay; [3] injury to others from a stay; and [4] the public interest." *In re MCP No. 185*, 2024 WL 3650468, at *3 (6th Cir. 2024) (citing *Nken v. Holder*, 556 U.S. 418, 425-26 (2009)); *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Cooey v. Strickland*, 589 F.3d 210, 218 (6th Cir. 2009). All four factors are balanced together, but the first two "are the most critical." *Nken,* 556 U.S. 418 at 434. When the government is the opposing party, the last two factors are considered together. *Id.* at 435; *In re MCP No. 185*, 2024 WL 3650468, at *4.

Regarding the first factor, to justify a stay, "[t]he probability of success that must be shown is inversely proportional to the degree of irreparable injury the [movant] will suffer absent an injunction." *State of Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290

3

(6th Cir. 1987) (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)). A movant need not establish a high probability of success on the merits. *See, e.g.*, *Celebrezze*, 812 F.2d 288 at 290. Rather, the movant must demonstrate at least "serious questions going to the merits." *Albury v. Daymar Colleges Grp., LLC*, 2012 WL 1190894, at *1 (W.D. Ky. April 6, 2012) (citing *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153-54 (6th Cir. 1991)).

UWM's appeal implicates serious questions going to the merits, and allowing the litigation to continue in both state court and the federal appellate court simultaneously will cause irreparable harm. On the other side of the ledger, granting a stay would minimize the waste of judicial resources, and would cause no harm to Plaintiff or the public. Thus, the balance of equities considering these factors favors granting a stay pending resolution of the appeal.

    **A.**    **The Likelihood of Success on the Merits Favors Issuance of a Stay**

Although the Court ultimately found remand to be warranted,[1] the Court's opinion identified significant problems with the Attorney General's sweeping position and the AG's interpretation of the very statute under which he seeks relief. *See, e.g.*, Remand Order (Doc. 29 at PageID 2252) ("[T]he language of § 1345.07(A) limits the manner by which the Attorney General can seek damages and adopting Ohio's reading of § 1345.07(B) would nullify § 1345.07(A)(3) entirely."). This appeal thus, at the very least, presents new, serious, and important questions that are likely to warrant the Sixth Circuit Court of Appeals' attention, including, *inter alia*, (a) the ability of a party to evade CAFA jurisdiction while pursuing a claim that must be a class action

---

[1] The parties to this action have presented their arguments on removal and remand to the Court in papers prompting the Remand Order which UWM now seeks to appeal. Thus, UWM will refrain from arguing the merits of these arguments in the instant Motion.

under state law, (b) the interaction of Ohio Rev. Code § 1345.07(A)(3) and CAFA, and (c) the scope of CAFA appeals.

**First,** there is a serious question going to a litigant's ability to avoid CAFA jurisdiction that is likely to recur in other litigation. In *Albury*, for example, the district court found compelling that an appeal raised questions around the rebuttable presumption equating residence and domicile in the CAFA context, noting that it arguably presented "new and important issues that [were] likely to reoccur in other litigation." 2012 WL 1190894 at *2. The *Albury* court ultimately concluded that the likelihood-of-success factor favored a stay because the arguments raised "serious questions regarding the interpretation and application of CAFA." *Id.*; *see also Griepentrog*, 945 F.2d 150 at 154-55 (finding that defendants were sufficiently likely to succeed on the merits of an appeal where they presented "compelling" questions regarding jurisdictional questions).

Here too, UWM's appeal raises serious, likely-to-recur questions concerning the extent to which parties can avoid federal jurisdiction where the statute at issue requires a "class action," Ohio Rev. Code § 1345.07(A)(3), and that otherwise meets the requirements of CAFA. *See* Remand Order (Doc. 29 at PageID 2251) ("The Court is satisfied that the basic requirements of CAFA have been met."). UWM's arguments on appeal will discuss the extent to which states can avoid CAFA by pleading around class mechanisms, bypassing CAFA's objective of "ensuring [f]ederal court consideration of interstate cases of national importance." *Standard Fire Ins. v. Knowles*, 568 U.S. 588, 595 (2013); *see also Williams v. Emps. Mut. Cas. Co.*, 845 F.3d 891, 901 (8th Cir. 2017) (a court cannot "prioritize a complaint's use of magic words over its factual allegations"); *Badeaux v. Goodell*, 358 F. Supp. 3d 562, 567 (E.D. La. 2019) ("a class action will not escape CAFA jurisdiction simply because it omits the words 'class action' or [the provision] under which it proceeds…."). These questions raise important issues since the Sixth Circuit has

5

held that "CAFA was clearly designed to prevent plaintiffs from artificially structuring their suits to avoid federal jurisdiction." *Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405, 407-08 (6th Cir. 2008) (holding that it was improper for plaintiffs to "game" the procedural rules by pleading around CAFA to keep class actions in state courts). Therefore, UWM's arguments on this point necessarily raise threshold questions for bringing CAFA suits, which are likely to reoccur in other litigation.

**Second**, there is also a serious question of first impression about the interplay between a state statute and CAFA. Such questions substantiate a stay pending appeal. *See, e.g.*, *Albury* at *2 (weighing the likelihood-of-success factor in favor of a stay where "[f]ew, if any, circuit courts have provided guidance" on the arguments raised on appeal); *Raskas*, 2013 WL 1818133, at *2 (finding a sufficient likelihood of success on the merits where "the lack of authority from this Circuit on these [CAFA jurisdictional] issues makes appellate review appropriate"). In *Burt v. Playtika, Ltd.*, 2024 WL 4573836 (E.D. Tenn. Oct. 24, 2024), for example, the district court granted a motion to stay where the movant's appeal raised arguments containing "serious questions of first impression" about how to apply CAFA to statewide action brought under a specific Tennessee statute. *Id.* at *2.

Here, the interaction of CAFA and Ohio Rev. Code § 1345.07 presents a serious question of first impression. While the Sixth Circuit has taken appeals involving the interaction of CAFA with other state statutes in the past, it has not yet addressed this specific issue. For example, in *Nessel ex rel. Michigan v. AmeriGas Partners, L.P.*, 954 F.3d 831 (6th Cir. 2020), the Sixth Circuit held that the attorney general in Michigan was not required to satisfy the Rule 23 requirements after bringing a suit under Mich. Comp. Laws § 445.910. *Id* at 835-37. As this Court's Remand Order acknowledged, however, unlike other cases considered by the Sixth Circuit, Ohio Rev. Code

6

§ 1345.07 specifically incorporates Civil Rule 23, and does not grant the Attorney General the ability to maintain an action as *parens patriae*. Remand Order (Doc. 29 at PageID 2253). Accordingly, this appeal concerns issues of first impression for the Sixth Circuit. *See* Order at 2, *In re: AmeriGas Partners, L.P.*, No. 19-0113 (6th Cir.), ECF No. 13-1 (noting that "these appeals necessarily involve state laws that are not uniform."). Moreover, this Court agreed with UWM's arguments that there would be no damages action on behalf of a massive group of consumers available to the Ohio Attorney General *except* as a class action. *See* Remand Order (Doc. 29 at PageID 2255). Thus, this case presents important questions regarding the extent to which other plaintiffs—and here a plaintiff wielding significant State power—can evade both federal jurisdiction and the text of the statute by attempting to plead around the class action requirements. Whether such practices should be permitted is a serious question that warrants consideration by the Sixth Circuit.

**Third**, UWM's petition will allow the Sixth Circuit to consider an important, unsettled matter of law among the federal appellate courts: whether a federal court of appeals may consider non-CAFA jurisdictional issues in an interlocutory appeal under CAFA. *See, e.g., Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823 (7th Cir. 2013) ("[W]hen a petition meets the requirements of 28 U.S.C. § 1453(c)(1) . . . we are not required to limit our review solely to CAFA-specific issues."). This issue is currently a matter of unsettled law. *See Nevada v. Bank of America Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[B]ecause § 1453(c)(1) permits appellate review of remand orders 'notwithstanding section 1447(d),' we have the discretion to entertain the issue of whether another basis for federal jurisdiction exists. . . ."); *but see Patterson v. Dean Morris, L.L.P.*, 448 F.3d 736, 742 (5th Cir. 2006) (noting that after CAFA is determined to be inapplicable, appellate courts may not be required "to reach otherwise non-reviewable remand decisions"). Because

7

courts have not applied a consistent approach to such review, UWM's arguments on appeal include another serious question worthy of appellate determination.

Here, UWM submits that there are serious questions raised by the other bases for jurisdiction as well, including, *inter alia*, (a) whether actions of this type, where, as the Court noted, the suit seeks "$25.9 million in actual damages and $50 million in treble damages, punitive damages, restitution, and a common fund for Ohio borrowers" meets the primary benefiary test, *see* Remand Order (Doc. 29 at PageID 2242), and (b) the extent to which district courts can or should resolve "merits questions" that are intertwined with the real party in interest analysis, *see* Remand Order (Doc. 29 at PageID 2244)*; Brownback v. King*, 592 U.S. 209, 218-19 (2021) ("a federal court always has jurisdiction to determine its own jurisdiction").

### B. Irreparable Injury and Substantial Harm to UWM Favor Issuance of a Stay

Not granting the stay will also harm Defendant, and all parties, by continuing litigation in state court which may later be invalidated. Courts regularly hold that such simultaneous litigation is wasteful and potentially prejudicial, risking conflicting outcomes. *See, e.g.*, *Burt v. Playtika, Ltd.*, 2024 WL 4573836 at *2 ("Defendants are likely to suffer irreparable injury absent a stay by having to simultaneously litigate this case in State Court and on appeal with the Court of Appeals for the Sixth Circuit. . . . The risk of inconsistent outcomes also favors a stay."); *see also Dalton*, 2013 WL 2367837, at *2 (finding persuasive "the likelihood that Defendant will be irreparably harmed by the burden of having to simultaneously litigate these cases in state court and on appeal . . . as well as the potential of inconsistent outcomes if the state court rules on any motions while the appeal is pending"). The risk of irreparable injury to the Defendant is particularly evident where, as here, the merits of the appeal are intertwined with important jurisdictional considerations. *See, e.g.*, Surreply (Doc. 26-1 at PageID 2207-08).

### C. Absence of Harm to Plaintiff and the Public Favors Issuance of a Stay

Finally, the Court should grant the motion to stay the Remand Order because no harm to others, including the Plaintiff, would ensue if the stay were granted. CAFA appeals are statutorily limited to be resolved within 60 days. 28 U.S.C. § 1453(c)(2). Thus, any delay to the litigation will be minimal. *Badeen*, 2020 WL2573178 at *2 (granting a motion for stay pending appeal of remand following removal based on CAFA despite finding no "strong likelihood [for Defendants] to prevail on the merits of the appeal" because the appeal would be adjudicated quickly, and the parties would incur expenses from continued, simultaneous litigation in state court).

Moreover, "the public interest favors granting a stay because it would avoid potentially duplicative litigation, thereby conserving judicial resources." *Dalton*, 2013 WL 2367837 at *2; *In re Dr. Durrani*, 2016 WL 8199122 at *3. "[A] stay advances the public interest by avoiding the risk that judicial resources of the state courts be wasted." *Badeen*, 2020 WL2573178 at *2. Thus, the interests of the public and the parties favor issuance of a stay.

*****

Together, all four relevant factors favor a stay. UWM's appeal implicates serious and important merits questions (that are likely to recur and avoid review), and allowing the litigation to continue at the same time in both state court and the federal appellate court creates irreparable harm. Granting a stay minimizes any waste of judicial resources, and would cause no harm to Plaintiff or the public.

### CONCLUSION

For the foregoing reasons, UWM respectfully submits the Court should stay its remand order pending disposition of UWM's appeal to the Sixth Circuit.

Dated: September 8, 2025                    Respectfully submitted,

/s/ *Rebekah B. Kcehowski*
Jeffrey J. Jones* (Bar No. 30059)
    **Trial Attorney*
Michael R. Gladman (Bar No. 59797)
Brandy Hutton Ranjan (Bar No. 86984)
JONES DAY
325 John H McConnell Blvd #600
Columbus, OH 43215
(614) 469-3939
jjjones@jonesday.com
mrgladman@jonesday.com
branjan@jonesday.com

Stephen J. Cowen
Amanda K. Rice
Andrew J. Clopton
JONES DAY
150 W. Jefferson Ave, Suite 2100
Detroit, MI 48226
(313) 733-3939
scowen@jonesday.com
arice@jonesday.com
aclopton@jonesday.com

Rebekah B. Kcehowski
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
rbkcehowski@jonesday.com

*Counsel for United Wholesale Mortgage, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2025, I caused the foregoing document to be filed with the Clerk of the Court using CM/ECF, which will effectuate service upon all counsel of record.

/s/ *Rebekah B. Kcehowski*
Rebekah B. Kcehowski
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
rbkcehowski@jonesday.com

*Counsel for United Wholesale Mortgage, LLC*