UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| STATE OF OHIO *ex rel.* DAVE YOST, Attorney General of the State of Ohio, *Plaintiff*, v. UNITED WHOLESALE MORTGAGE, LLC, *Defendant*. | Case No.: 3:25-cv-00160 Hon. Thomas M. Rose Hon. Caroline H. Gentry |

**PLAINTIFF STATE OF OHIO'S OPPOSITION TO DEFENDANT UNITED WHOLESALE MORTGAGE, LLC'S MOTION FOR STAY PENDING APPEAL**

**PRELIMINARY STATEMENT**

Five months ago, the State of Ohio, acting by and through its Attorney General, Dave Yost, sued in Ohio state court under Ohio law to put a stop to the fraudulent, unfair, and deceptive practices of Defendant United Wholesale Mortgage, LLC ("UWM"). Unfortunately for Ohio consumers, UWM delayed this state-law enforcement action through a meritless removal of the case to federal court. Having failed in its bid to remove this case, UWM now seeks to delay this action even further by imposing a stay while it asks the Sixth Circuit to review the remand order. But UWM has come nowhere close to satisfying its burden to justify a stay. First, UWM does not even attempt to identify any error in the Court's reasoning, despite claiming there are "serious questions" that warrant review, and thus cannot show a likelihood of success on the merits. The only purportedly "serious" question UWM identifies is whether the Class Action Fairness Act ("CAFA") permits removal of a suit brought by Ohio under R.C. 1345.07, regardless of whether

1

the state invokes R.C. 1345.07(A)(3) by structuring its suit as a class action. The answer to that question is obviously "no." If the State does not rely specifically on the class-action procedures in R.C. 1345.07(A)(3), the State has not "filed" a class action pursuant to a statute similar to Rule 23 for purposes of CAFA. 28 U.S.C. § 1332(d)(1)(B).

UWM makes virtually no attempt to show that the other factors justify a stay—because none of them do. The only "irreparable harm" UWM claims it might suffer is the potential that litigation conducted in the Montgomery Court of Common Pleas might need to be repeated in federal court if UWM succeeds in both (i) obtaining review from the Sixth Circuit and (ii) in reversing this Court's Remand Order. But it is well-established that extraneous litigation costs do not count as irreparable injury. *FTC v. Stand. Oil Co. of Cal.*, 449 U.S. 232, 244 (1980). UWM gestures at a supposed risk of conflicting decisions, but it never explains how a conflict could result when the case will only proceed in the Montgomery Court of Common Pleas during UWM's appeal. On the other hand, delay will further hinder Ohio from prosecuting this litigation to protect its citizens and enforce its laws. This delay would permit UWM to continue impeding legitimate state court proceedings and violating the law. Any public interest in avoiding hypothetical duplicative litigation is of little concern when UWM's appeal is highly likely to fail. Thus, UWM's motion for a stay should be denied.

## BACKGROUND

The State of Ohio brought this action in the Montgomery County Court of Common Pleas on April 16, 2025. Doc. 1-3. Ohio sought to hold UWM accountable for a scheme that holds out mortgage brokers as "independent" but in reality uses those brokers to steer business to itself through restrictive agreements and unlawful inducements, taking "millions of dollars from the pockets of Ohio families." *Id.* ¶ 2; Doc. 17-1 ("MTR") at 1. UWM removed the case on May 15,

2025, claiming this Court had diversity jurisdiction, federal question jurisdiction, and jurisdiction under the Class Action Fairness Act (CAFA). Doc. 1. UWM did so after Ohio had already agreed to extend the briefing deadline for UWM's state-court motion to dismiss. *See* MTR at 4. Ohio moved to remand on July 7, 2025, and UWM filed its motion to dismiss on that same date. Doc. 16; MTR. Despite moving to remand, Ohio did not seek to stay briefing on UWM's motion to dismiss. Ohio filed its opposition to the motion to dismiss on August 11, 2025. Doc. 24.

This Court granted Ohio's Motion to Remand on September 4, 2025. *See* Doc. 29 ("Remand Order"). With regard to CAFA, the Court found the "real issue" was "whether Ohio actually invokes a state statute similar to Rule 23." *Id.* at 15. While the Court thought R.C. 1345.07(A)(3) required the Attorney General to sue for damages under a state statute similar to Federal Rule of Civil Procedure 23, as required by CAFA, and expressed doubt about Ohio's ability to obtain damages under R.C. 1345.07(B), it acknowledged that "the plaintiff may plead around jurisdiction because they are 'the master' of the complaint." *See id.* at 19-21 (quoting *Total Quality Logistics, LLC v. Lankford*, 2023 WL 4423820, at *2 (S.D. Ohio July 10, 2023), and citing *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 531 (6th Cir. 2010)). Because Ohio did not rely on R.C. 1345.07(A)(3), the Court held that it did not have CAFA jurisdiction. *See id.* The Court similarly rejected UWM's other bases for jurisdiction. *See id.* at 5-14. The Court remanded the matter to the Montgomery County Court of Common Pleas. *Id.* at 21. UWM moved to stay the Court's remand order pending appeal on September 8, 2025. Doc. 30 ("Mot."). UWM filed a Petition for Leave to Appeal under 28 U.S.C. § 1453(c)(1) to seek discretionary review of the Court's order, as allowed by CAFA, on September 15, 2025. *See* Doc. 1, *In re United Wholesale Mortg., LLC*, No. 25-308 (6th Cir. Sept. 15, 2025).

3

## **LEGAL STANDARD**

A stay "is an 'intrusion into the ordinary processes of administration and judicial review," and the parties and the public are "generally entitled to the prompt execution of orders." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (citation omitted).  UWM "bears the burden" of showing that a stay is justified under the circumstances. *See id.* at 433-34. Courts consider four factors in deciding whether to grant a stay pending appeal: "(1) the likelihood that the party seeking the stay will prevail on the merits; (2) the likelihood that the moving party will be irreparably harmed; (3) the prospect that others will be harmed by the stay; and (4) the public interest in the stay." *Dahl v. Bd. of Trs. of W. Mich. Univ.*, 15 F.4th 728, 730 (6th Cir. 2021) (quoting *Crookston v. Johnson*, 841 F.3d 396, 398 (6th Cir. 2016)).  The first two factors "are the most critical," and failing to satisfy them "dooms" the motion to stay. *Sarkisov v. Bondi*, 138 F.4th 976, 979 (6th Cir. 2025) (quoting *Nken*, 556 U.S. at 434).  The last two factors merge because "the government's interest *is* the public interest." *Pursuing Am.'s Greatness v. FEC*, 831 F.3d 500, 511 (D.C. Cir. 2016); *see also Nken*, 556 U.S. at 435.

## **ARGUMENT**

UWM's motion fails for three principal reasons.  First, and most important, UWM is unlikely to succeed on appeal because it presents case-specific issues that are clearly controlled by prevailing law.  Second, UWM does not even attempt to point to any irreparable harm it will suffer without a stay apart from potentially duplicative litigation, but it is well-settled law that wasted litigation costs do not qualify as irreparable injury.  Third, a stay will harm Ohio and its citizens by pointlessly delaying Ohio's efforts to bring UWM to justice while UWM attempts to raise its borderline frivolous arguments in the Sixth Circuit.

I.  **UWM's Appeal Is Unlikely to Succeed and Does Not Raise Novel, Recurrent Issues**

UWM comes nowhere close to showing a sufficient likelihood of success on appeal to warrant a stay. "[A] party seeking a stay must ordinarily demonstrate to a reviewing court that there is a **likelihood of reversal**." *Albury v. Daymar Colls. Grp., LLC*, 2012 WL 1190894, at *2 (W.D. Ky. Apr. 6, 2012) (emphasis added). Here, UWM makes no attempt at such a showing. Instead, UWM relies on cases holding that a party can obtain a stay pending appeal based on "serious questions going to the merits." Mot. at 4-5 (quoting *Albury*, 2012 WL 1190894, at *1-2); *see also Luxshare, Ltd. v. ZF Auto. US, Inc.*, 15 F.4th 780, 783 (6th Cir. 2021). But even under that standard, a "mere 'possibility' of success on the merits" is insufficient. *Luxshare*, 15 F.4th at 783 (quoting *Nken*, 556 U.S. at 434). If success is *unlikely*, a party cannot obtain a stay. *Tiger Lily, LLC v. HUD*, 992 F.3d 518, 524 (6th Cir. 2021). Moreover, to compensate for the weaker showing of likelihood of success, "the defendant must demonstrate … irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted." *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002). And when, as here, a party seeks a stay pending **discretionary** appellate review, both the likelihood of review and the probability of reversal must be considered. *See Luxshare*, 15 F.4th at 783 (considering probability of certiorari); *Lyngaas v. Curaden AG*, 2019 WL 2635966, at *1-2 (E.D. Mich. June 27, 2019) (considering likelihood of Sixth Circuit granting review).

UWM is highly unlikely to even obtain review, and it completely fails to identify any "novel and unsettled legal questions of general applicability" implicated by the Remand Order. *In re Polyurethane Foam Antitrust Litig.*, 2014 WL 12591692, at *2 (N.D. Ohio May 16, 2014). UWM makes no attempt to identify any error by this Court. *See Tennessee ex rel. Slatery v. Tenn.*

5

*Valley Auth.*, 2018 WL 3092942, at *5 (M.D. Tenn. June 22, 2018) ("TVA has made *no* attempt to address, let alone refute the Court's analysis.").[1]

**First,** UWM argues it is a "serious question" whether a plaintiff can structure its pleadings "to avoid CAFA jurisdiction." Mot. at 5. But Ohio did not do anything to "avoid" CAFA jurisdiction here—it simply did not bring this suit as a class action because R.C. 1345.07(A)(3) does not require a class action be brought as a precondition to seeking restitution in a CSPA action; R.C. 1345.07(B) authorizes that relief. Even if Ohio *could have* brought this suit as a class action under R.C. 1345.07(A)(3), it had no obligation to do so and did not do so here. As this Court held, the plaintiff is the master of his complaint. Remand Order at 21 (citing *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 531 (6th Cir. 2010)).

Far from raising "serious" questions, UWM's argument is based on an obvious fallacy. UWM argues that this suit *actually is* a class action for purposes of CAFA because R.C. 1345.07 supposedly "requires a 'class action'" for the Attorney General to obtain damages for CSPA violations. Mot. at 5. But even if UWM were right that a class action under R.C. 1345.07(A)(3) is the only vehicle for the Attorney General to ultimately obtain restitution in a CSPA enforcement action (it is not), that would at most mean that Ohio's CSPA claim for restitution fails *on the merits* because Ohio *did not bring this suit as a class action*, as UWM claims that R.C. 1345.07(A)(3) requires. It would not mean this suit *actually is a class action* under CAFA. "[U]nder CAFA, removal jurisdiction exists only when a class action is brought pursuant to Rule 23 itself or a 'similar' state statute." *Nessel ex rel. Michigan v. AmeriGas Partners, L.P.*, 954 F.3d 831, 835 (6th Cir. 2020). R.C. 1345.07(A)(3) may require a procedure similar to Rule 23. But Ohio relies

---

[1] Any such error could have been raised in a motion for reconsideration for this Court's consideration. *See In re Polyurethane Foam Antitrust Litig.*, 2014 WL 12591692, at *4.

on R.C. 1345.07(B) as authority to seek damages here, and that provision does not require class-action procedures. And as this Court held, "[w]hether Ohio has the authority to seek damages in this fashion is a merits question better left to a court with jurisdiction." Remand Order at 21.[2]

UWM's case law does not support its argument. UWM cites two cases that warn against elevating form over substance in deciding whether a suit is a class action under CAFA. *See Badeaux v. Goodell*, 358 F.Supp.3d 562, 567 (E.D. La. 2019); *Williams v. Employers Mut. Cas. Co.*, 845 F.3d 891, 901 (8th Cir. 2017). It also cites a Sixth Circuit case where the plaintiffs filed five almost identical lawsuits, each seeking $4.9 million, in a transparent attempt to evade the $5 million CAFA threshold, *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 407-08 (6th Cir. 2008), and a Supreme Court decision refusing to "exalt form over substance" and "treat a nonbinding stipulation as if it were binding," *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). But the Court's decision did not elevate form over substance—it simply held that

---

[2] Ohio respectfully disagrees with this Court's assertion in dicta that "Ohio's reading of § 1345.07(B) would render § 1345.07(A)(3) meaningless." Remand Order at 20. Although R.C. 1345.07(B) permits Ohio to seek restitution for Ohio citizens without class certification, the remedies under R.C. 1345.07 are expressly described as "cumulative and concurrent" so that "the exercise of one remedy by the attorney general does not preclude *or require* the exercise of any other remedy." R.C. 1345.07(H) (emphasis added). The Attorney General should be afforded "quite a bit of latitude in seeking relief." *Attorney General v. Suwinski (In re Suwinski)*, 509 B.R. 568, 575 (Bankr. S.D. Ohio 2013). And R.C. 1345.07(A)(3) enables the State to seek class-wide relief "to benefit some defined set of individuals," regardless of whether a sovereign interest is implicated or another provision of R.C. 1345.07 applies. *Ohio v. GMAC Mortg., LLC*, 760 F.Supp.2d 741, 748 (N.D. Ohio 2011). Ohio likewise disagrees with the Court's assertion (also in dicta) that "§ 1345.07 does not grant the Attorney General the specific ability to maintain an action *parens patriae*." Remand Order at 17. Although R.C. 1345.07 does not use the words "*parens patriae*," whether a statute authorizes a *parens patriae* action or a class action does not depend on the label used in the statute, but on whether the statute mandates a procedure that features the "core requirements" of Rule 23. *Nessel*, 954 F.3d at 835. The other provisions of R.C. 1345.07 do not require "numerosity, commonality, typicality, and adequate representation" of a class, but instead authorize an "action brought by a single entity—the State—to vindicate the rights of [Ohio] consumers." *Id.* at 835-36. Further, R.C. 1345.07 authorizes the Attorney General to bring a CSPA action pursuant to its statutory authority under R.C. 1345.01 *et seq.*, which is what Ohio has done in this matter.

7

UWM cannot predicate federal subject-matter jurisdiction on the fiction that Ohio "filed" this suit as a class action under R.C. 1345.07(A)(3) because (supposedly) its CSPA claim would otherwise fail on the merits as to one form of relief. The Court's holding was clearly correct, and it is highly likely that the Sixth Circuit will deny review altogether.

**Second,** UWM claims "the interaction of CAFA and [R.C.] 1345.07 presents a serious question of first impression." Mot. at 6-7. But there is no serious dispute that a suit brought under R.C. 1345.07(A)(3) constitutes a class action for purposes of CAFA—after all, that provision expressly requires "[a] class action under Civil Rule 23." The question at issue is whether Ohio actually brought this suit under that provision. As this Court held, the answer to that question is clearly "no." And although the Sixth Circuit has never examined whether a suit brought pursuant to the other provisions of R.C. 1345.07 qualifies as a "class action" under CAFA, *Nessel* effectively answered that question in holding that, as a rule, a statutory provision that "does not require the present lawsuit to satisfy the core requirements of a federal class action" is "not a similar statute to Rule 23 for purposes of CAFA." 954 F.3d at 838; *see also* Remand Order at 16 ("The interaction of CAFA and representative actions brought by attorneys general is not a new issue for federal courts."). It is hard to see how UWM can claim that the application of CAFA to R.C. 1345.07(A)(3) is an important, likely-to-recur question while simultaneously asserting that this suit "is unlike any other ever filed in Ohio's two-century history." Doc. 16 at 1. After all, the statute can only be invoked by one litigant—the Attorney General.

UWM also cites cases indicating that a stay may be granted in a case that raises questions with a sufficient likelihood of success when there is little or no circuit-level guidance. *See Albury*, 2012 WL 1190894, at *2; *Raskas v. Johnson & Johnson*, 2013 WL 1818133, at *2 (E.D. Mo. Apr. 29, 2013); *Burt v. Playtika, Ltd.*, 2024 WL 4573836, at *2 (E.D. Tenn. Oct. 24, 2024). But again,

8

UWM has no real chance of success. And a party cannot simply invoke "novel legal theories" or "issues of first impression" and ignore the ultimate question of likelihood of success. *Tennessee ex rel. Slatery*, 2018 WL 3092942, at *5 n.11. If novelty were the standard, "the number of stayed cases would be astounding." *Id.* The first factor weighs against a stay if the district court issued its order "after careful consideration of the parties' briefing of the issues and a thorough review of relevant precedent," which is what occurred here. *ProCraft Cabinetry, Inc. v. Sweet Home Kitchen & Bath, Inc.*, 343 F.Supp.3d 734, 740-41 (M.D. Tenn. 2018); *see also Tennessee ex rel. Slatery*, 2018 WL 3092942, at *5.

**Third,** UMW argues that a stay is warranted because its "petition will allow the Sixth Circuit to consider … whether a federal court of appeals may consider non-CAFA jurisdictional issues in an interlocutory appeal under CAFA." Mot. at 7-8. But this question of appellate jurisdiction has no bearing on whether UWM is likely to succeed in reversing the Court's Remand Order. Again, UWM cannot simply invoke "issues of first impression" and ignore the ultimate question of likelihood of success. *Tennessee ex rel. Slatery*, 2018 WL 3092942, at *5 n.11. And in any event, UWM is only entitled to seek interlocutory review of the CAFA question, not these alternative grounds for jurisdiction. The Sixth Circuit cannot "reach otherwise non-reviewable remand decisions once it is determined that CAFA is inapplicable." *In re UPS Supply Chain Sols., Inc.*, 2008 WL 4767817, at *2 (6th Cir. Oct. 27, 2008) (quoting *Patterson v. Morris*, 448 F.3d 736, 742 (5th Cir. 2006)). The right to appeal under § 1453(c)(1) is "limited to the context of CAFA." *Id.* (quoting *Wallace v. La. Citizens Prop. Ins. Corp.,* 444 F.3d 697, 700 (5th Cir. 2006)).

Even if UWM's other alleged grounds for jurisdiction *could* be considered on appeal, the Sixth Circuit would need to conclude that the CAFA question merits review to take the appeal in the first place. *See In re Amerigas Partners*, 2020 U.S. App. LEXIS 3163 (6th Cir. Jan. 31, 2020).

9

Because § 1453(c)(1) "is intended to create a body of appellate law to guide interpretation of CAFA," a defendant's "important, but non-CAFA issue, does not warrant interlocutory appellate review." *Peralta v. Countrywide Home Loans, Inc.*, 375 F. App'x 784, 785 (9th Cir. 2010); *see also* Order at 1, *In re Waskowski*, No. 12-0107 (6th Cir. Sept. 20, 2012) (denying appeal of "single non-CAFA related issue" that "may require consideration of state law and is not likely to facilitate the development of a body of law interpreting CAFA"); *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1247-48 (10th Cir. 2009). As explained, there is no reason to believe the Sixth Circuit will grant review of UWM's exceptionally weak CAFA argument. It is equally unlikely that the Sixth Circuit will review any of UWM's other arguments.

Finally, this Court rightly rejected UWM's other jurisdictional arguments, so those arguments cannot establish that UWM is likely to succeed on review. UWM identifies two possible issues: the primary beneficiary for purposes of diversity jurisdiction, and the Court's ability to resolve merits questions in deciding the motion to remand. *See* Mot. at 8.[3] Both issues were rightly decided. The Court drew the obvious conclusion that "the relief sought by the State would similarly create benefits to Ohioans writ large that would largely be incalculable." Remand Order at 9. And the Court correctly avoided "delving into whether Ohio has a valid cause of action," a merits issue "not before the Court." *Id.* at 8. The likelihood-of-success factor thus "strongly weighs against staying the remand." *Hawaii ex rel. Louie v. Bristol-Myers Squibb Co.*, 2014 WL 3865213, at *3 (D. Haw. Aug. 5, 2014). The Court "need not consider the remaining stay factors." *Tiger Lily*, 992 F.3d at 524.

---

[3] Perhaps UWM recognizes that its federal question jurisdiction argument would have no chance of success on appeal.

10

## II. UWM Will Not Suffer Irreparable Harm

Far from demonstrating the strong showing of "irreparable harm that decidedly outweighs the harm that will be inflicted on others" required to offset its weak arguments for likelihood of success, *Baker*, 310 F.3d at 928, UWM barely suggests it will suffer irreparable injury without a stay. UWM has the burden to show more than a mere "possibility" of irreparable harm. *Nken*, 556 U.S. at 434-35 (citation omitted). But UWM raises only one allegedly irreparable injury: "continuing litigation in state court which may later be invalidated." Mot. at 8. The Supreme Court has expressly held that "Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *FTC v. Stand. Oil Co. of Cal.*, 449 U.S. 232, 244 (1980) (quoting *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974)); *see also Capital One Bank (USA) N.A. v. Jones*, 710 F.Supp.2d 634, 637 (N.D. Ohio 2010) (applying similar principle in denying CAFA motion to stay); *Broadway Grill, Inc. v. Visa Inc.*, 2016 WL 6069234, at *2 (N.D. Cal. Oct. 17, 2016) (denying CAFA motion to stay because concurrent litigation is a "not-uncommon result given the limited jurisdiction of federal courts"); *MFS Series Tr. I v. FirstEnergy Corp. (In re FirstEnergy Corp. Sec. Litig.)*, 751 F.Supp.3d 853, 859-60 (S.D. Ohio 2024) (finding no irreparable injury from proceeding with discovery). That is especially true here because UWM "knew of the risk that it undertook" in its ill-fated attempt to remove (and now to appeal). *Baker v. Adams Cnty/Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002); *see also Handle's Enters., Inc. v. Schulenburg*, 765 F. App'x 117, 125 (6th Cir. 2019).[4]

---

[4] Notably, UWM's motion to dismiss in this Court required briefing that was ultimately unnecessary, but UWM did not seek a stay to avoid that wasted litigation activity. Moreover, the fact that UWM has already prepared a motion to dismiss also cuts against any showing of irreparable injury. UWM faces no great burden in preparing a motion to dismiss for filing in an Ohio state court when it has already filed one that covers the same issues in this Court.

UWM also hints at a risk of "conflicting outcomes," but never explains how such conflicting outcomes would occur or result in irreparable harm. Mot. at 8.[5] During the pendency of UWM's efforts to appeal, this case will proceed in one court: the Montgomery County Court of Common Pleas. After the appeal's conclusion, this case will still proceed in only one court, whether in Montgomery County or the Southern District of Ohio. Only one court will have jurisdiction at a time, so there is no way for orders from those courts to conflict with one another. And because this Court decided no major motions beyond the Motion to Remand, it would be impossible for the Court of Common Pleas to adopt an order that conflicts with a prior ruling of this Court. *See Manier v. Medtech Prods., Inc.*, 29 F.Supp.3d 1284, 1289 (S.D. Cal. 2014) (relying on fact that "[n]o pending motions were denied" in distinguishing *Raskas v. Johnson & Johnson*, 2013 WL 1818133, at *2 (E.D. Mo. Apr. 29, 2013)). To the extent future rulings may come out differently in different forums, that theoretical "conflict" does not injure UWM. *See McFarland v. Capital One, N.A.*, 2019 WL 5079777, at *3 (D. Md. Oct. 10, 2019) (finding "potential 'inconsistency between state and federal jurisprudence'" was "not a harm to Capital One and so should not be considered"). UWM faces no risk of inconsistent *obligations*, but rather merely the danger of futile litigation.

Moreover, any harm UWM might conceivably suffer from litigation in state court is unlikely to occur because appellate review is expedited under CAFA and unlikely to be granted in the first place. Numerous courts have held that CAFA's 60-day appeal requirement limits any potential harm from litigating in state court. *See, e.g.*, *Manier*, 29 F.Supp.3d at 1288-89 ("[T]he

---

[5] The cases UWM cites are conclusory, contain no reasoning on this point, and fail to consider the Supreme Court's holding that litigation costs are not irreparable harm. *See Burt v. Playtika, Ltd.*, 2024 WL 4573836, at *2 (E.D. Tenn. Oct. 24, 2024); *Dalton v. Walgreen Co.*, 2013 WL 2367837, at *2 (E.D. Mo. May 29, 2013).

12

expedited appellate review process will limit any irreparable harm that may result."); *Capital One Bank*, 710 F.Supp.2d at 636; *Hawaii ex rel. Louie*, 2014 WL 3865213, at *3; *Dunson v. Cordis Corp.*, 2016 WL 10679457, at *3 (N.D. Cal. Nov. 8, 2016). And it is especially unlikely that UWM will suffer any harm here because the Sixth Circuit is unlikely to grant review of UWM's CAFA argument in the first place. Thus, any harm "is hypothetical and attenuated and can in no way be considered actual or immediate." *CitiFinancial, Inc. v. Lightner*, 2007 WL 3088087, at *2 (N.D. W. Va. Oct. 22, 2007) (rejecting motion to stay pending CAFA appeal).

### III. Delay Harms Ohio, Its Citizens, and the Public Interest

Staying litigation pending UWM's meritless CAFA appeal would harm Ohio and its citizens by needlessly delaying this litigation. "Proceedings have already been delayed by more than four months since Plaintiff filed the Complaint" because of UWM's attempt to remove this case without any valid jurisdictional basis. *Hawaii ex rel. Louie*, 2014 WL 3865213, at *4. Whether the appeal is "[b]rief or not," a stay pending appeal "would extend this delay even further." *McFarland*, 2019 WL 5079777, at *3.[6] The delay could be significant even if the Sixth Circuit denies interlocutory review, because CAFA might not provide a time limit in which the Sixth Circuit must act on an application for review. *See* 28 U.S.C. § 1453; *CitiFinancial*, 2007 WL 3088087, at *3 ("Therefore, unless and until the Fourth Circuit grants CitiFinancial's petition, the sixty-day clock does not begin to run.").

This unnecessary delay is particularly harmful because it would prevent Ohio from enforcing its own laws and protecting its citizens. As Ohio has argued, the State has a "sovereign interest in protecting its citizens and economy from deceptive mortgage practices" and a "quasi-

---

[6] The one case UWM cites on this point wrongly concluded that because the case had already "been pending for over ten years," delay would cause minimal harm "[i]n the scheme of things." *Badeen v. PAR, Inc.*, 2020 WL 2573178, at *2 (E.D. Mich. May 21, 2020).

sovereign interest in enforcing its own laws." Doc. 23 at 4 (quoting *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 671 (9th Cir. 2012)); MTR at 8 (quoting *AU Optronics Corp. v. South Carolina*, 699 F.3d 385, 394 (4th Cir. 2012)); *see also* Remand Order at 8 (recognizing Ohio's "quasi-sovereign interest in protecting 'the health and well-being—both physical and economic—of its residents in general'" (citation omitted)). Ohio will be "irreparably injured in its ability to execute valid laws" if UWM is allowed to hold up this suit again. *Summit Cnty. Democratic Cent. & Exec. Comm. v. Blackwell*, 388 F.3d 547, 551 (6th Cir. 2004); *see also Priorities USA v. Nessel*, 978 F.3d 976, 980 (6th Cir. 2020) ("[T]he State of Michigan is injured in its sovereign capacity by its inability to enforce its duly enacted statute."); *United States v. Omega Sols., LLC*, 889 F.Supp.2d 945, 948 (E.D. Mich. 2012) ("A stay will continue to delay the IRS's legitimate tax collection efforts."). Ohio is entitled to prosecute this interest in Ohio courts, and the public interest "does not support continued interference with state court proceedings." *Hawaii ex rel. Louie*, 2014 WL 3865213, at *4; *cf. Frost v. Nessel*, 2025 WL 1136288, at *7 (6th Cir. Apr. 17, 2025), *certiorari petition docketed* (requiring irreparable injury "to justify a disruption of orderly state proceedings" in applying *Younger* abstention (quoting *Cameron v. Johnson*, 390 U.S. 611, 621 (1968))).

Others in addition to the Attorney General will be harmed by this pointless delay. *See CitiFinancial*, 2007 WL 3088087, at *4 ("CitiFinancial's assessment of potential harm to other parties is too narrow."). Here, Ohio's interest and the public interest "are one and the same, because the government's interest *is* the public interest." *Pursuing Am.'s Greatness v. FEC*, 831 F.3d 500, 511 (D.C. Cir. 2016). And delay "permits and prolongs a continuing violation of [Ohio] law" that harms Ohioans in general, not just the State itself. *Sarkisov v. Bondi*, 138 F.4th 976, 979 (6th Cir. 2025) (quoting *Nken*, 556 U.S. at 436). As this Court found, the relief sought in this action will have "incalculable" benefits to "Ohioans writ large." Remand Order at 9; *see also*

14

Doc. 23 at 8. Ohioans' interest in obtaining restitution for the "financial hardship" caused by UMW similarly weighs in favor of denying a stay. *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 628-29 (6th Cir. 2014).

Finally, UWM also claims a stay is in the public interest because it would "avoid potentially duplicative litigation." Mot. at 9 (quoting *Dalton v. Walgreen Co.*, 2013 WL 2367837, at *2 (E.D. Mo. May 29, 2013)). But this argument assumes UWM is likely to prevail in its appeal and this case will be litigated in federal court. As explained, this assumption is (at best) wishful thinking on UWM's part. Because "the likely outcome is that the remand will be upheld, the public interest in prompt resolution of cases and avoiding protracted litigation would weigh in favor of denying a stay." *McFarland*, 2019 WL 5079777, at *3; *see also Smith v. Am. Bankers Ins. Co. of Fla.*, 2011 WL 6399526, at *2 (W.D. Ark. Dec. 21, 2011) ("Considering the unlikelihood of success of Defendant's petition … no judicial resources are likely to be wasted if the case continues forward in state court."). There is thus "no justification" for UWM's attempt to hinder Ohio's efforts to enforce its own laws and obtain relief for its citizens any longer. *Smith*, 2011 WL 6399526, at *2.

## **CONCLUSION**

For the foregoing reasons, UWM's motion for a stay pending appeal should be denied.

15

Dated:  September 19, 2025	Respectfully submitted,

	s/ *Melissa Wright* by s/ *Eric Palmer* per email authorization

	**OFFICE OF THE ATTORNEY GENERAL OF OHIO**
	Melissa Wright (Ohio Bar No. 77843)
	Section Chief, Consumer Protection Section
	30 East Broad Street
	Columbus, OH 43215
	Tel.: (614) 466-8169
	Melissa.Wright@OhioAGO.gov

	**BOIES SCHILLER FLEXNER LLP**
	Jesse Panuccio
	Eric Palmer (Ohio Bar No. 99742)
	401 East Las Olas Blvd., Suite 1200
	Fort Lauderdale, FL 33301
	Tel.: (954) 356-0011
	jpanuccio@bsfllp.com
	epalmer@bsfllp.com

	John T. Zach
	Marc Ayala
	55 Hudson Yards
	New York, New York 10001
	Tel.: (212) 446-2300
	jzach@bsfllp.com
	mayala@bsfllp.com

	Tyler Ulrich
	100 SE Second Street, Suite 2800
	Miami, Florida 33131
	Tel.: (305) 357-8422
	tulrich@bsfllp.com

	*Counsel for Plaintiff State of Ohio*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2025, a copy of the foregoing was served on the following via CM/ECF:

**JONES DAY**
Jeffrey J. Jones
Michael R. Gladman
Brandy Hutton Ranjan
325 John H. McConnell Boulevard, Suite 600
Columbus, Ohio 43215
Phone:  (614) 469-3939
jjjones@jonesday.com
mrgladman@jonesday.com
branjan@jonesday.com

*Counsel for Defendant United Wholesale Mortgage, LLC*


s/ *Eric Palmer*
Eric Palmer