UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| STATE OF OHIO *ex rel.* DAVE YOST, Attorney General of the State of Ohio, : : : : Plaintiff, : : v. : : UNITED WHOLESALE MORTGAGE, LLC, : : Defendant. : | Case No. 3:25-cv-160<br><br>Judge Thomas M. Rose |

---

**ENTRY AND ORDER DENYING DEFENDANT UNITED WHOLESALE MORTGAGE, LLC'S MOTION FOR STAY PENDING APPEAL (DOC. NO. 30)**

---

Currently before the Court is Defendant United Wholesale Mortgage, LLC's Motion for Stay Pending Appeal (the "Motion") (Doc. No. 30). The Court previously issued its Entry and Order Granting Plaintiff State of Ohio's Motion to Remand ("Remand Order") (Doc. No. 29), remanding this matter to the Montgomery County Court of Common Pleas. In remanding the case, the Court determined that it does not have jurisdiction over Plaintiff's claims by way of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Doc. No. 29 at PageID 2250-57.) Defendant United Wholesale Mortgage, LLC ("UWM") has since applied for appellate review of this decision, pursuant to 28 U.S.C. § 1453(c). (Doc. No. 30 at PageID 2260-61.) For the time being, UWM moves this Court for a stay of its Remand Order pending the Sixth's Circuit's decision regarding whether Plaintiff's Complaint constitutes a class action under CAFA. (*Id.*) For the reasons discussed below, the Court **DENIES** UWM's Motion.

**I.     BACKGROUND**

The Court looks to its Remand Order to establish the relevant background here. (*See* Doc.

1

No. 29 at PageID 2238-40.) For today's decision, the Court only states the information necessary to contextualize UWM's instant Motion.

On April 16, 2025, Plaintiff State of Ohio *ex rel.* Dave Yost, Attorney General of the State of Ohio ("State") filed suit against UWM in state court. (Doc. No. 6-1.) In the Complaint, the State alleges, on behalf of Ohio consumers, that UWM engaged in consumer practices and transactions that ran afoul of Ohio law. (*Id.* at PageID 1312-44.) UWM then removed the case to this Court on May 15, 2025, on three separate bases: (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1); (2) federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367; and, (3) CAFA jurisdiction. (Doc. No. 1 at PageID 1.) On September 4, 2025, the Court found itself to be without subject matter jurisdiction and remanded this matter to the Montgomery County Court of Common Pleas. (Doc. No. 29 at PageID 2257.) In pertinent part, the Court held that the State's claims do not amount to a class action sufficient to invoke the Court's CAFA jurisdiction. (*Id.* at PageID 2250-57.) UWM has since applied to the Sixth Circuit for appellate review of this determination. (Doc. No. 30 at PageID 2260.)

On September 9, 2025, UWM filed its current Motion. (Doc. No. 30.) Therein, UWM moves for a stay of the Court's Remand Order while the Sixth Circuit considers whether the State's case is a class action for purposes of establishing CAFA jurisdiction in federal court. (*See id.* at PageID 2260-61.) The State submitted its response in opposition to UWM's Motion on September 19, 2025. (Doc. No. 31.) Due to the time-sensitive nature of UWM's request, the Court did not permit reply briefing. Therefore, UWM's Motion is now ripe for review and decision.

II. **ANALYSIS**

In determining whether a moving party is entitled to a stay pending appeal, courts must "balance[] the traditional factors governing injunctive relief." *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002). Namely, courts must consider: "(1) whether the

[movant] has a strong or substantial likelihood of success on the merits; (2) whether the [movant] will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies." *Baker*, 310 F.3d at 928 (citing *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001); *Michigan Coal. Of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). The third and fourth "factors merge when the Government is the opposing party." *Nken v. Holder,* 556 U.S. 418, 435 (2009). However, the first two factors are paramount, so "in order to justify a stay … the [movant] must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if the stay is granted." *Baker*, 310 F.3d at 928 (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)).

Looking to UWM's Motion, the Court must accordingly make two inquiries. First, the Court considers whether UWM has demonstrated a sufficient likelihood of success on the merits of its claim that the State's case here constitutes a class action under CAFA. Second, the Court reflects on UWM's contention that it will suffer irreparable harm absent a stay of the Court's Remand Order pending appeal of the CAFA jurisdiction issue. Because the Court ultimately finds that UWM has demonstrated neither, the Court does not attempt to weigh the impacts of a stay on the State.

### A. <u>Likelihood of Success</u>

The Court turns first to UWM's likelihood of success on the merits. UWM posits that its appeal of the Court's Remand Order on the issue of CAFA jurisdiction at least "presents new, serious, and important questions that are likely to warrant" the Sixth Circuit's review. (Doc. No. 30 at PageID 2263.) To this end, UWM questions whether the State can artificially plead around federal CAFA jurisdiction when "pursuing a claim that must be a class action under state law."

3

(*Id.* at PageID 2263-65.) UWM further attempts to pose serious questions regarding the interplay between Ohio Rev. Code § 1345.07 and CAFA. (*Id.* at PageID 2265-66.) In particular, UWM submits that this case presents an issue of first impression because the Sixth Circuit has never considered how the specific statute at issue—Ohio Rev. Code § 1345.07—interacts with CAFA. (*Id.*) Finally, UWM argues that its application to the Sixth Circuit presents the novel question of whether the court of appeals may consider issues unrelated to CAFA jurisdiction in an appeal brought under CAFA. (*Id.* at PageID 2266-67.)

By contrast, the State argues that UWM has no likelihood of success on the merits of its appeal whatsoever. (*See* Doc. No. 31 at PageID 2275-80.) In essence, the State faults UWM's argument because it necessarily assumes that this action is a class action, when the State did not plead it as one. (*Id.* at PageID 2276-77.) Most succinctly, the State otherwise argues that UWM has conflated potentially unsettled questions with serious ones. (*Id.* at PageID 2278-80.) According to the State, even if the questions presented to the Sixth Circuit by UWM could technically be considered novel, existing case law still dooms UWM's claim to CAFA jurisdiction here. (*Id.*)

Generally, federal law permits parties to apply for an immediate appeal of a district court's decision to grant or deny a motion to remand a class action. 28 U.S.C. § 1453(c)(1). If the party's application is accepted, the court of appeals is obligated to "complete all action on such appeal … not later than 60 days after the date on which such appeal was filed …." 28 U.S.C. § 1453(c)(2).

Courts determining whether CAFA jurisdiction exists to hear a claim must be satisfied that the case at issue is a "class action filed under rule 23 of the Federal Rules of Civil Procedure or similar [s]tate statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons …." 28 U.S.C. § 1332(d)(1)(B). In analyzing whether a state statute is

4

similar to Rule 23 for purposes of establishing CAFA jurisdiction, courts "begin by looking to the plain text of the statute." *Nessel ex rel. Michigan v. AmeriGas Partners, L.P.*, 954 F.3d 831, 834 (6th Cir. 2020) (citing *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004)). For such a case to constitute a class action, the state statute relied upon must require the four prerequisites to allege a class action under Fed. R. Civ. P. 23(a). *Id.* at 835. Specifically, the state statute at issue must require a representative suit where:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed R. Civ. P. 23(a).

Importantly, a state law will not be considered similar to Rule 23 if it allows for representation by a party who is not a member of the class he seeks to represent. *See Nessel*, 954 F.3d at 835-36. It is well established that to satisfy Rule 23's typicality requirement "'a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.'" *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 156 (1982) (quoting *E. Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)) (internal quotation marks omitted). Similarly, where a representative can bring suit on behalf of others without actually being a member of the harmed group, "a federal court would again be hard-pressed to find that" he is an adequate representative under Rule 23. *Nessel*, 954 F.3d at 835-36.

In the matter at hand, the Court must review Ohio Rev. Code § 1345.07—the statute UWM claims grants the Court CAFA jurisdiction over this case. Broadly speaking, Section 1345.07 empowers the Ohio Attorney General to sue for unfair or deceptive business practices on behalf of State citizens. One such permitted suit is a class action under Ohio Civ. R. 23. Ohio Rev. Code

5

§ 1345.07(A)(3). Ohio's civil rule governing class actions generally contains the same four prerequisites as Fed. R. Civ. P. 23(a). *Compare* Ohio Civ. R. 23(A) *and* Fed. R. Civ. P. 23(a). However, Ohio Civ. R. 17(A) provides that "a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is sought." As a result, the Supreme Court of Ohio has held that the Ohio Attorney General may bring suit on behalf of Ohio citizens under Ohio Rev. Code § 1345.07, although the "action could not otherwise be maintained as a class action under [Ohio] Civ. R. 23." *Celebrezze v. Hughes*, 479 N.E.2d 886, 889 (Ohio 1985).

At present, UWM has properly applied for appellate review, but cannot demonstrate a likelihood of success on the merits of its claim to obtain a stay of the Remand Order. Assuming that UWM is correct, and the State's case must be brought as a class action under Ohio Rev. Code § 1345.07(A)(3), UWM still cannot claim CAFA jurisdiction. Section 1345.07(A)(3) certainly cites to the Ohio's analogue for Fed. R. Civ. P. 23, but the statute does not explicitly require that such a class action satisfy numerosity, commonality, typicality, and adequate representation. Rather, as discussed above, Ohio law allows the Attorney General to file a class action under Ohio Civ. R. 23, despite being unable to satisfy these prerequisites. Indeed, the Court struggles to imagine a scenario where the Ohio Attorney General would actually belong to the class of citizens whose rights he seeks to vindicate. While Ohio law has established a regime for the Attorney General to forego typicality in this way, federal law has not done the same for determining a court's CAFA jurisdiction.

The Court also notes that this issue is not particularly substantial or a matter of unsettled law. On the contrary, the Court thinks UWM's argument for CAFA jurisdiction to be clearly foreclosed by the Sixth Circuit's reasoning in *Nessel*. There, the underlying state statute did not

6

specifically cite to the state's analogue for Fed. R. Civ. P. 23, as Ohio Rev. Code § 1345.07(A)(3) does here. *Nessel*, 954 F.3d at 837. Yet, the Sixth Circuit did contemplate a statutory scheme where a state attorney general could sue in a representative capacity without necessarily satisfying the four general prerequisites of a class action. *Id.* In short, the mere fact that state law allows for such class actions does not trigger federal CAFA jurisdiction, absent satisfaction of the four requirements of Fed. R. Civ. P. 23.

Finally, UWM is unlikely to succeed on the merits of its claim regarding the scope of CAFA-related appeals. Practically speaking, it would be improper for the Court to consider the scope of CAFA-related appeals in this instance. UWM would like to expand the scope of the Sixth Circuit's review here to include issues separate from whether the Court has jurisdiction to hear this case under CAFA. However, the argument is presumably null if the Sixth Circuit does not rule for UWM on CAFA jurisdiction. For the reasons stated above, the Court thinks UWM is unlikely to succeed on this front. Nevertheless, to accept that UWM has raised substantial issues regarding the scope of appeal here, the Court has to assume that UWM will prevail on the CAFA issue. This would simply be assuming UWM's success on the merits of one claim to espouse its likelihood of success on another. The Court finds no reason to oblige.

In all, the Court finds that UWM has not shown a likelihood of success on the merits of its claim or raised a substantial issue regarding whether the State's case constitutes a class action for purposes of establishing CAFA jurisdiction. Accordingly, UWM's instant Motion is **DENIED** on this ground.

### B. Irreparable Harm

Even if it could show some likelihood of success, UWM has not adequately claimed that it will be subject to irreparable harm if the Court's Remand Order is not stayed. UWM asserts that if the Remand Order is not stayed pending appeal, UWM will be irreparably harmed by being

required to continue this litigation in state court. (Doc. No. 30 at PageID 2267-68.) But, "'[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough'" to claim irreparable harm. *Baker*, 310 F.3d at 930 (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Injuries such as the costs associated with litigating in state court absent a stay of remand are not irreparable. *Cap. One Bank (USA) N.A. v. Jones*, 710 F. Supp. 2d 634, 637 (N.D. Ohio 2010). This is particularly true in the CAFA context, where the appellate court's expedited 60 day review of remand orders subjects parties to a low likelihood that they will be harmed at all by erroneous state court orders. *Id.* at 636 (citing 28 U.S.C. § 1453(c)(2)).

Here, UWM cannot plausibly claim that it will be irreparably harmed in the absence of a stay of the Remand Order. The only injuries UWM anticipates are the costs of litigating in state court and the risk of being subjected to erroneous state court orders. These are precisely the types of injuries that courts have been cautioned against finding irreparable. The Court has no reason to think that the Sixth Circuit will not rule on UWM's appeal within the 60-day timeframe provided in 28 U.S.C. § 1453(c)(2). Moreover, if the Sixth Circuit finds that the Court has CAFA jurisdiction here, there is no indication that any erroneous state court decision could not be undone. Thus, the Court finds that UWM cannot demonstrate it will suffer irreparable injury absent a stay of the Remand Order and the Court would likewise **DENY** UWM's Motion on this ground.

### III. CONCLUSION

In accordance with the foregoing, the Court hereby **DENIES** Defendant United Wholesale Mortgage's Motion for Stay Pending Appeal (Doc. No. 30).

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, October 1, 2025.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
